FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  v.<br><br>RYAN CHRISTOPHER BILESKY,<br><br>              Defendant. | NO: 2:14-CR-92-RMP-1<br><br>ORDER DENYING MOTION TO RECONSIDER |

BEFORE THE COURT is Defendant Ryan Christopher Bilesky's Motion to Reconsider Order Denying Early Termination of Supervision, ECF No. 66. Defendant, who is proceeding *pro se*, asks this Court to reconsider its prior order denying his motion for early termination of supervision. *See* ECF No. 65. On October 31, 2023, the Court requested the Government respond to Defendant's motion pursuant to Local Criminal 12(c)(5). ECF No. 67. The Government responded on November 15, 2023, ECF No. 68, and Defendant replied, ECF No.

ORDER DENYING MOTION TO RECONSIDER ~ 1

69. Having reviewed the motion, the record, and the relevant law, the Court is fully informed.

## BACKGROUND

On July 31, 2023, Defendant filed a Motion for Early Termination of Supervision. ECF No. 64. On October 5, 2023, this Court filed an order denying Defendant's motion. ECF No. 65. Defendant filed this motion to reconsider on October 16, 2023. ECF No. 66. Defendant argues that the denial of his motion for early termination was based on manifest errors of law and facts. *Id*. at 2.

## LEGAL STANDARD

The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration. However, Rule 59(e) of the Federal Rules of Civil Procedure authorizes motion to alter or amend judgment in certain circumstances. Alternatively, Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A motion for reconsideration should not be granted "unless the district court is presented with

ORDER DENYING MOTION TO RECONSIDER ~ 2

newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LCrR 12(c)(5) ("Motions for reconsideration are disfavored" and a court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.").

## ANALYSIS

Preliminarily, the Court addresses whether the instant motion for reconsideration is timely. A motion for reconsideration under Rule 59(e) must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Court's order denying Defendant's motion for early termination of supervised release was filed on October 5, 2023. ECF No. 65. Defendant filed the motion for reconsideration on October 16, 2023. ECF No. 66. Accordingly, the motion was timely filed.

In Defendant's Motion to Reconsider, he argues that (1) this Court erred in its assessment and interpretation of his sentence and plea agreement; (2) this Court erred by failing to articulate a specific basis for its denial of the motion and by failing to address the relevant factors of 18 U.S.C. § 3553 as required by 18 U.S.C. § 3583(e); and (3) this Court violated Defendant's substantive due process rights

ORDER DENYING MOTION TO RECONSIDER ~ 3

under *Nelson v. Colorado*, 137 S. Ct. 1249 (2017) in considering uncharged state allegations. ECF No. 66 at 2.

In June 2014, Defendant pleaded guilty to one count in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF No. 18. The Court sentenced Defendant to sixty months custody, followed by a lifetime term of supervised release. ECF No. 53 at 2–3. Defendant's term of supervised release began on October 26, 2018. ECF No. 64 at 2.

The Court may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). District courts have broad discretion when deciding whether to terminate a defendant's term of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Defendant requested early termination of his supervised release to volunteer in a mentorship program at Union Gospel Mission and to grow his website-building business through a fixed price arrangement, which he alleges that he cannot do because he must provide trackable hours to the probation office to satisfy his full-time employment condition. ECF No. 64. In its order denying Defendant's motion for early termination of supervised release, this Court stated that these two main reasons cited by Defendant in requesting early termination

ORDER DENYING MOTION TO RECONSIDER ~ 4

"can be accomplished by conveying that information with the supervising Probation Officer and requesting accommodation in those two areas." ECF No. 65 at 4. Accordingly, under the circumstances of the case and considering the gravity of the underlying conduct, the Court found early termination to be imprudent under 18 U.S.C. § 3583(e)(1) at this time. *Id*.

***Interpretation of Sentence and Plea Agreement***

Defendant argues that the purpose of supervised release is rehabilitation, not punishment, and that the Court's characterization of Defendant's sentence implies that the Court views supervised release as a punitive measure and as a replacement for incarceration. ECF No. 66 at 3. Defendant further argues that the Government incorrectly argued that he was facing 135–168 months of incarceration, which Defendant alleges was due to a miscalculation in his Presentence Investigation Report (PSR) and which was addressed at sentencing. ECF No. 69 at 2. Defendant contends instead that the statutory maximum was 120 months incarceration, but that this district regularly sentences first time offenders, such as Defendant, to an average of 60 months. *Id*. Therefore, Defendant argues, the plea agreement did not result in a substantial benefit to Defendant as the Government suggests. *Id*.

The Government argues that, in Defendant's plea agreement, Defendant bargained for a lifetime term of supervised release in exchange for a shorter

ORDER DENYING MOTION TO RECONSIDER ~ 5

incarceration period, and that the agreement should be enforced. ECF No. 68 at 6–7. The Government contends that Defendant's motion is in violation of the plea agreement and offers no basis on which to invalidate the agreement, and, that therefore, the Court should enforce the terms of plea agreement. ECF No. 68 at 8–9.

In its order, this Court stated that "the Court notes that the plea agreement to which Defendant agreed enabled Defendant to avoid a significant amount of time incarcerated while expressly including a lifetime term of supervised release, contemplating that Defendant may move to modify his term of supervised release after a period of ten years." ECF No. 65 at 4. The Court did not indicate that the term of supervised release was a replacement for incarceration; rather, the Court was noting that Defendant's agreed-upon term of supervised release, which is part of the sentence, was included in Defendant's plea agreement that allowed for a shorter period incarcerated. (*See* 18 U.S.C. 3583(a) stating that supervised release conditions are "a part of the sentence").

Regarding Defendant's sentence, he is correct that there was a miscalculation on his PSR, which originally stated that the statutory maximum was 20 years of incarceration. *See* ECF No. 24 at 18. This error was addressed at sentencing, and the PSR was amended to reflect the correct maximum of 10 years. *See* ECF No. 46 at 18. The guideline range based on the offense level and

ORDER DENYING MOTION TO RECONSIDER ~ 6

Defendant's criminal history was 135–168, however, because the statutory maximum was 10 years, the guideline range was 120 months.  *Id*.  Defendant was sentenced to 60 months of incarceration, which is half of the guideline range.  ECF No. 53 at 2.  Therefore, the Government is correct in noting that the Government's agreement to recommend 60 months was a substantial benefit to Defendant, even considering the correct statutory limitation of 10 years.  *See* ECF No. 68 at 5.

Defendant further argues that the plea agreement does not bar him from pursuing early termination before he has completed ten years of supervision.  ECF No. 66 at 3.  The Government argues that the terms of the plea agreement are clear and bar Defendant from moving to modify his terms before he has completed ten years of supervision.  ECF No. 68 at 6.

The Court agrees with Defendant that he is not expressly barred from seeking early termination before he has completed ten years of supervision due to the language in the plea agreement, and that he did not violate the terms of the plea agreement by seeking early termination at this time.  Indeed, the Court indicated it did not believe Defendant was barred when it proceeded to consider Defendant's motion on the merits.  The Court noted that the plea agreement "contemplate[ed] that Defendant may move to modify his term of supervised release after a period of ten years," and then continued to analyze Defendant's request.  ECF No. 65 at 4.  After considering Defendant's motion, the Court suggested Defendant renew his

ORDER DENYING MOTION TO RECONSIDER ~ 7

motion after he has completed ten years of supervision, because the Court believes that, at that time, the circumstances may have changed, not because the Court was barred from analyzing Defendant's motion until ten years had elapsed. *Id*. at 5.

The Court finds that it did not commit clear error in its analysis of Defendant's sentence and plea agreement.

**18 U.S.C. § 3553 Factors**

Defendant argues that this Court did not sufficiently consider the factors set forth in Section 3553 in its consideration of Defendant's motion for early termination. ECF No. 66 at 4–5. Defendant points to *United States v. Emmett*, where the Ninth Circuit vacated a district court's denial of a motion for early termination of supervised release, because the district court's order stating that the defendant did not demonstrate undue hardship caused by supervised release was "not a sufficient explanation." 749 F.3d 817, 821 (9th Cir. 2014). Defendant argues that this Court similarly made "no direct assessment of [the Section 3553] factors, nor did it make any statement that even implied that it considered those factors." ECF No. 66 at 4. The Government responds that the Court cited to the applicable statute and articulated several bases for its denial of Defendant's motion. ECF No. 68 at 7.

The Court acknowledges that it did not list every relevant factor and discuss whether each factor favored or disfavored early release in its order. However, the

Court is not required to do so. In *Emmett*, the Ninth Circuit explained that "the district court need not give an elaborate explanation of its reasons for accepting or rejected [Defendant's] arguments, and it need not tick off each of the relevant § 3553(a) factors to show that it has considered them." 749 F.3d at 821 (citation omitted). In that case, the district court's order consisted of two sentences that referred to Defendant's failure to demonstrate "undue hardship." *Id*. at 819.

In contrast, this Court's order denying Defendant's motion consisted of five pages outlining Defendant's argument, addressing the Probation Office's position, and analyzing relevant considerations. ECF No. 65. The first factor for the Court to consider includes consideration of "the nature and circumstances of the offense," and this was an important factor in this Court's denial of Defendant's motion. 18 U.S.C. § 3553(a)(1); *see* ECF No. 65 at 4 (finding termination imprudent under 18 U.S.C § 3583(e)(1) "considering the gravity of the underlying conduct," among other reasons). Additionally, under 18 U.S.C. § 3553(a)(4) the Court can consider "the kinds of sentence and the sentencing range," and as Defendant himself notes, this Court considered the combination of incarceration and supervised release as part of Defendant's sentence. *See* ECF No. 66 at 24; *see also* ECF No. 65 at 4.

In denying Defendant's motion, this Court stated that Defendant's concerns could be addressed by accommodation by the Probation Officer, rather than

ORDER DENYING MOTION TO RECONSIDER ~ 9

termination; that the gravity of the underlying conduct weighed against termination; and that the lifetime term of supervision was included as part of the sentence in the plea agreement. ECF No. 65 at 4. This is sufficient analysis under Sections 3583 and 3553, and it is sufficient to "permit meaningful appellate review and justify the court's conclusion," because an appellate court could understand the Court's reasoning based on the five pages of analysis and the focus on the underlying offense. *See Emmett*, 749 F.3d at 822.

The Court finds that it did not commit clear error in its analysis of the relevant factors.

***Consideration of Uncharged Conduct***

Defendant "assume[s]" that this Court considered his uncharged conduct, and that such consideration violated his substantive Due Process rights both at sentencing and in denying his motion for early termination under *Nelson v. Colorado*, 581 U.S. 128 (2017). ECF No. 66 at 5–8.

The Supreme Court in *Nelson* held that a Colorado law requiring a defendant to prove their innocence by clear and convincing evidence in order to obtain the refund of costs paid pursuant to an invalid conviction violates due process. 581 U.S. at 134. *Nelson* is not applicable to Defendant's circumstances. In *Nelson*, the defendant's conviction was reversed for trial error on appeal, and the defendant was acquitted of all charges on retrial. *Id*. at 131. The defendant then sought

ORDER DENYING MOTION TO RECONSIDER ~ 10

return of the funds she already had paid. *Id*. at 132. She was denied by the trial court, and the Supreme Court held that the state must refund the defendant, because the clear and convincing evidence requirement offended due process. *Id*. at 131–34. This is inapplicable to Defendant here, because *Nelson* did not discuss the use of relevant conduct at sentencing (or in a motion for early termination), and Defendant's conviction has not been invalidated in this case. *See Proshak v. United States*, No. 2:13-cr-00264, 2018 WL 6137142 at *2 (C.D. Cal. Sept. 6, 2018) (finding *Nelson* inapplicable to Petitioner's motion to Vacate, Set Aside, or Correct Sentence because "*Nelson* did not discuss the use of relevant conduct at sentencing, and Petitioner's conviction has not been invalidated").

Further, this Court's order denying Defendant's motion for early termination did not rely on consideration of uncharged conduct. In his motion for early termination, Defendant stated that "allegations were made with regards to a potential State offense which currently remains uncharged, certainly this complicates my case, I don't dispute that." ECF No. 64 at 6. This Court's order denying the motion merely noted that Defendant "acknowledges that there were allegations in 2014 regarding a potential state offense that remains uncharged, but which complicates his case." ECF No. 65 at 3. This Court did not further analyze or discuss this conduct; rather, this Court proceeded to discuss the reasons why

ORDER DENYING MOTION TO RECONSIDER ~ 11

1  Defendant requested early termination and that the Court did not find them

2  persuasive at this time.  ECF No. 65 at 4.

3      Thus, the Court finds that there is no relevant intervening change in the

4  controlling law, and, even if there were, it did not affect the Court's determination

5  in this case.

6      Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to

7  Reconsider Order Denying Early Termination of Supervision, **ECF No. 66**, is

8  **DENIED**.  The Court again encourages Defendant to speak with the supervising

9  Probation Officer to request accommodation of his release conditions if he wishes

10  to address two of his main concerns underlying his motion for early termination.

11      **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

12  Order and provide copies to Defendant, who filed this motion *pro se*, counsel, and

13  to the United States Probation Office.

14      **DATED** December 15, 2023.

        *s/ Rosanna Malouf Peterson*
    ROSANNA MALOUF PETERSON
    Senior United States District Court Judge

ORDER DENYING MOTION TO RECONSIDER ~ 12